## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKLIN JACKSON, | : | CIVIL NO. 3:11-CV-1837 |
| | : | |
| Petitioner, | : | (Judge Conaboy) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| BRIAN COLEMAN, et al., | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM ORDER

### I.   Introduction

This case is involves a habeas corpus petition filed by a state prisoner serving a 20-to-40 year sentence for murder. The respondents have moved to dismiss this petition as time barred under the one-year statute of limitations applicable to such matters, and it initially appears that this matter may be time barred absent some grounds for equitable tolling of the statute of limitations. For his part, Jackson has filed some documents suggesting that his delay in proceeding with this petition stems from impediments which he encountered in prison, including an inability to gain access to his legal paperwork. The nature of this alleged governmental interference with Jackson's filing of this petition is not fully developed in the pleadings, however.

For the reasons set forth below, we find that there are factual issues relating to whether Jackson is entitled to equitable tolling of the statute of limitations, factual issues that must be fully-developed, and factual issues which call for the assistance of

counsel in this case. Accordingly, we will appoint counsel to represent Jackson in this matter, and schedule an evidentiary hearing on these equitable tolling issues.

## II.    Discussion

### A.    State Prisoner Habeas Relief–The Legal Standard.

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

> > **(A)** the applicant has exhausted the remedies available in the courts of the State;
> >             . . .
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b)

### (1.)    Substantive Standards for Habeas Petitions

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition

must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

## (2.)   Procedural Benchmarks for Habeas Petitions

### ( a. )   Statute of Limitations

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that petitioners timely file petitions seeking habeas corpus relief. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244

established a one-year statute of limitations on the filing of habeas petitions by state

prisoners. In pertinent part, § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See Miller v. New Jersey State Dept. of Corrections 145 F.3d 616, 617 (3d Cir. 1998).

The calculation of this limitations period is governed by a series of well-defined

statutory rules. At the outset, these rules are prescribed by statute, specifically 28

U.S.C. § 2244(d)(2), which provides that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

In assessing § 2244(d)(2)'s tolling provision relating to the time when a case is "pending" state review, it is clear that "the term 'pending' must include the time between a court's ruling and the timely filing of an appeal, [and] 'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed." Swartz, 204 F.3d at 424. Thus, the courts have construed this tolling provision in a forgiving fashion, and in a manner which enables petitioners to toll their filing deadlines for the time periods in which they could have sought further direct appellate review of their cases, even if they did not, in fact, elect to seek such review. However, for purposes of tolling the federal habeas statute of limitations, a "properly filed application for State post-conviction or other collateral review" only includes applications which are filed in a timely fashion under state law. Therefore, if the petitioner is delinquent in seeking state collateral review of his conviction, that tardy state pleading will not be considered a "properly filed application for State post-conviction or other collateral review" and will not toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 412-14 (2005); Long v. Wilson, 393 F.3d 390, 394-95 (3d. Cir. 2004).

Beyond this tolling period mandated by statute, it has also been held that AEDPA's one-year limitations period is not a jurisdictional bar to the filing of habeas petitions; Miller, 145 F.3d at 617-18, and, therefore, is subject to equitable tolling. Id.

at 618-19. Yet, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. As the United States Court of Appeals for the Third Circuit has observed: "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Id. at 618-19 (citations omitted). Indeed, it has been held that only:

> [T]hree circumstances permit[] equitable tolling: if
>
> (1) the defendant has actively misled the plaintiff,
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or
> (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.
> Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999) (citations omitted).

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Applying this exacting standard, courts have held that: "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling. See Freeman v. Page, 208 F.3d 572 (7th Cir.2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA

only four months prior to the filing of the petition); Taliani v. Chrans, 189 F.3d 597 (9th Cir. 1999) (finding lawyer's inadequate research, which led to miscalculating the deadline, did not warrant equitable tolling)." Id.

While courts apply exacting standards to equitable tolling claims, it is evident that in extraordinary circumstances governmental impediments to a prisoner's access to the courts may provide grounds for equitable tolling of this statute of limitations. See Pabon v. Mahanoy, 654 F.3d 385 (3d Cir. 2011). Judged in light of these guiding precepts, Jackson's petition presents a potentially meritorious, but factually undeveloped, claim for equitable tolling of AEDPA's one-year statute of limitations. Of course, in order to sustain such a claim "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). While "[d]ue diligence does not require 'the maximum feasible diligence,' . . . it does require reasonable diligence in the circumstances." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir.2004). Here, there are material, and unanswered questions concerning both the nature of the alleged impediments to Jackson's access to the courts and whether Jackson demonstrated due diligence under the circumstances in pursuing this petition. None of the questions,

which are crucial to the application of the equitable tolling doctrine to this case, can be answered on the present fragmentary record.

While it is well-settled that: "The ability of a federal district court to hold an evidentiary hearing in habeas review is limited under [ 28 U.S.C. § 2254]," Rolan v. Vaughn 445 F.3d 671, 680 (3d. Cir. 2006), there are limited exceptions to this rule. Thus, a district court should generally decline to hold an evidentiary hearing on a state prisoner habeas petition where the petitioner has had a full opportunity to develop a factual record in the course of state proceedings. Id. However, the same degree of restraint need not apply to a case such as this, where we are called upon to assess delays occurring after the state proceedings drew to a close in this case as to which there has been no fact-finding in state court. Therefore, we conclude that an evidentiary hearing on this equitable tolling claim, as well as the related issues of whether Jackson "has been pursuing his rights diligently, and [whether] some extraordinary circumstance stood in his way," Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), is necessary to a fair adjudication of this case.

Having determined that an evidentiary hearing is necessary in this case to adequately develop the factual record on this equitable tolling claim, we further find that Jackson should have the assistance of counsel in connection with this matter. As we have noted, the respondents have filed a response to this petition which raises

substantial questions concerning whether this petition is time-barred under 28 U.S.C. § 2244. Resolution of these significant procedural issues may require development of a factual record,  legal analysis of the § 2244's statute of limitations, as well as the application of the equitable tolling doctrine to this statute of limitations. These are legal issues which can challenge experienced practitioners, and the application of these principles to Jackson's case could completely foreclose any consideration of this petition.

While it is well-settled that state prisoners like the petitioner do not have a constitutional right to counsel in habeas corpus proceedings, see Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), 18 U.S.C. § 3006A(a)(2)(B), provides that the court has the discretion to appoint counsel in such cases when "the court determines that the interests of justice so require . . . ." The exercise of discretion in this area is guided, however, by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition  presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim. Id. at 263. In making this determination, factors influencing a court's decision on a request for appointment of counsel include the complexity of the factual and legal issues in a case, as well as the petitioner's ability to present these claims. Id. at 264. Where the issues in a habeas petition are narrow,

or straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions, appointment of counsel is unnecessary. Id. In contrast, in close, complex cases the exercise of discretion may call for the appointment of counsel. Thus, many of these considerations which guide our discretion with respect to appointment of counsel require an assessment of both the legal complexities of a petition, as well as an informed judgment regarding the ability of the petitioner to articulate the claims set forth in a petition.

In this case, the court believes that an assessment of these factors weighs heavily in favor of the appointment of counsel under 18 U.S.C. § 3006A. The legal issues relating to the application of the statute of limitations to Jackson's claims, and equitable tolling of the statute of limitations, can be both complex and subtle. The proper resolution of these issues is vitally important in this case, since the resolution of this question may totally preclude Jackson from any consideration of the merits of his claims. Given that Jackson is presently serving a 20-to-40 year sentence, the denial of the motion on these grounds is a decision which would have profound consequences for the petitioner. Therefore, for the foregoing reasons, the court finds pursuant to  18 U.S.C. § 3006A(a)(2)(B), that the interests of justice require appointment of counsel in this § 2254 proceeding.

## III.  Conclusion

Accordingly, for the forgoing reasons IT IS ORDERED as follows:

1.   The Federal Public Defender's Office is appointed to represent the petitioner in connection with this proceeding, and the Federal Public Defender may in his discretion assign counsel to this case.

2.   The Federal Public Defender's Office will contact and consult with the petitioner, review the file, prepare and file a traverse limited to the issue of statute of limitations raised as a threshold objection by the respondents on or before **November 13, 2012**

3.   A hearing will be held in this matter on **November 27, 2012 at 1:30 p.m.**

So ordered this 2nd day of October, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge