IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANKLIN LUTHER JACKSON,        :

    Plaintiff,               :

    v.                       : Case No. 3:11-CV-1837

BRIAN COLEMAN, ET AL.            : (Judge Richard P. Conaboy)

    Defendants.              :

**Memorandum**

**I. Background:**

This Court has previously reviewed a Report and Recommendation ("R&R") in this matter filed by then Magistrate Judge Andrew Smyser. Magistrate Judge Smyser's R&R of April 3, 2010 (Doc. 10) had recommended that Petitioner Franklin Luther Jackson's ("Jackson") Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. Section 2254 (Doc. 1) be dismissed as untimely.

By Order dated June 15, 2012 (Doc. 16), this Court declined to approve Magistrate Judge Smyser's R&R and reopened this case out of concern that Petitioner's claim of "governmental interference" with his efforts to file the Petition could have some merit. Subsequently, counsel was appointed to represent Jackson and an evidentiary hearing was held before Magistrate Smyser's successor, Magistrate Judge Susan E. Schwab, on February 28, 2013. The Evidentiary Hearing was held to address the question whether some

1

combination of circumstances should have resulted in an equitable tolling of the statute of limitations governing Jackson's Petition and, consequently, rendered the Petition timely.

After conducting the evidentiary hearing and reviewing the deposition of Jackson's attorney during his first appeal of right to the Pennsylvania Superior Court, Magistrate Judge Schwab rendered an R&R dated March 28, 2013 (Doc. 53) wherein she also recommended that Jackson's Petition be dismissed as untimely. Jackson filed Objections and a Brief in Support of Objections (Docs. 54 and 55) on April 11, 2013. The Government has filed no response to Jackson's objections and the time for doing so has expired. The question of the viability of Jackson's Petition is now ripe for our decision.

## II. Standard of Review.

Where, as here, a petitioner files objections to a magistrate judge's R&R, the reviewing court conducts its review de novo regarding all sections of the R&R to which objections have been lodged. See 28 U.S.C. Section 636(b)(1). To warrant such de novo review, however, the objections must be both timely and specific. Goney v. Clark, 749 F.2 5, 6-7 (3d. Cir. 1984). The Court may accept, reject or modify, in whole or in part, the findings made by the magistrate judge. See 28 U.S.C. Section 636(b)(1). Any uncontested portions of the R&R are reviewed under a more deferential "clear error" standard. Cruz v. Chater, 990

2

F.Supp. 375, 376-77 (M.D.Pa. 1998).

III. **Discussion**.

As a general matter, the time constraints for filing a habeas petition by a state prisoner are set forth in 28 U.S.C. Section 2244. More specifically, Section 2244(d)(1) prescribes a 1-year period of limitation for filing a habeas petition for a person in custody pursuant to the judgment of State court. For purposes germane to this petition, the limitation period runs from the later of the date on which the judgment becomes final by the conclusion of direct review or the date the time for seeking review in the State system expires. Section 2244(d)(1)(A). This 1-year limitation period may be extended through the principle of equitable tolling. In the Third Circuit such equitable tolling is appropriate "...only when the principles of equity would make [the] rigid application [of a limitation period] unfair. ... Generally, this will occur when the prisoner has in some extraordinary way...been prevented from asserting his or her rights." Miller v. New Jersey State Department of Corrections, 145 F.3 616, 618-19 (3d. Cir. 1998)(citations omitted).

In this case, Jackson asserts that two extraordinary circumstances prevented him from filing the Petition within the applicable 1-year period.[1] First, he asserts that he was

---

[1] The Magistrate Judge's review of the chronology of this case (Doc. 53 at 11-12) well establishes that he did not file within the 1-year time period.

3

abandoned by his attorney; second he asserts that his ability to file in timely fashion was adversely affected by the State's transfer of his "writ writer", one Carl Kirksey, to another institution.

As Magistrate Judge Schwab indicates (Doc. 53 at 13-16), legal counsel who allegedly abandoned Jackson, Attorney Mark Keenheel, testified that he had agreed to represent Jackson only through his first appeal of right to the Pennsylvania Superior Court and informed him about the prospect of further review in the Pennsylvania Supreme Court. The record includes correspondence from Keenheel to Jackson in which Keenheel reiterated that he was no longer functioning as Jackson's attorney and informed Jackson, on February 11, 2009, that he (Jackson) had until one year from the denial date of April 30, 2008, to file a PCRA. Thus, at the time he was advised of his right to file a PCRA Petition with the York County Court of Common Pleas, Jackson still had 119 days remaining to file his federal habeas petition. ² Jackson did file the PCRA petition and on the date it was ultimately denied by the Pennsylvania Supreme Court, April 7, 2011, he still had 53 days to file his federal habeas petition due to the stay effected by the pendency of the PCRA appeal before the Pennsylvania Supreme Court. It was not until May 30, 2011 - - more than 27 months after

---

² The statutory clock for the 1-year federal habeas statute of limitation began running on May 30, 2008- - the date the deadline for appealing to the Pennsylvania Supreme Court expired.

Keenhill's aforementioned correspondence informed Jackson unequivocally that he was no longer representing him - - that Jackson's time to file a timely federal habeas petition expired. Given these facts of record, we must agree with Magistrate Judge Schwab that Attorney Keenheel did not abandon Jackson. Rather, he withdrew his representation at a time when Jackson still had, as events transpired, more than two years to perfect his federal habeas petition. [3] This is not the sort of extraordinary circumstance that can justify equitable tolling of the Section 2244 (d) clock.

Jackson's second argument is based on the assertion that the State's transfer of a fellow prisoner, Carl Kirksey, to whom Jackson had entrusted his file for assistance in filing his habeas petition, constitutes government interference with his efforts to make a timely filing. This argument is flawed for two reasons. First, as Jackson's counsel acknowledged in his Brief (Doc. 55 at 13), Kirksey's transfer did not occur until the Section 2244 (d) limitation period had already lapsed. Second, the State is

---

[3] Jackson's counsel attempts to analogize the situation to that of the petitioner in Maples v. Thomas, 132 S.Ct. 912(2012), where the Supreme Court of the United States held that attorney abandonment constitutes grounds for equitable tolling of a statute of limitations. However, the context of that case involved a situation in which the prisoner's counsel terminated their active representation of him <u>without informing him they could no longer represent him and left him with the impression that they were still working on his behalf.</u> Here, on the other hand, there is clear evidence that Jackson's counsel informed him that he was not continuing his representation at a time when Jackson still had ample opportunity to make other arrangements for legal representation. Thus, we find Maples, supra, to be largely inapposite to the instant case.

5

certainly empowered to transfer prisoners anywhere in the system that it deems appropriate and there is no evidence whatsoever to suggest that Kirksey was transferred for the purpose of impeding Jackson's access to the courts. Here again, we simply do not have the type of extraordinary circumstance that could justify a further tolling of the Section 2244 (d) clock. In sum, we find Magistrate Schwab's R&R well-reasoned and researched and agree with its conclusions. Accordingly, the R&R will be approved. An Order consistent with this determination will be filed contemporaneously herewith.

**BY THE COURT**

_____
**Honorable Richard P. Conaboy**
**United States District Court**